# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## KANSAS CITY

| | |
|---|---|
| IN RE: **CYNTHIA MARIE MURRAY**, ) | |
| ) | |
| Debtor-Respondent.   ) | Case No. 08-40854-drd7 |
| ) | |
| **RUSSELL J. KRUSE** and **BETH A. KRUSE**, ) | Adversary Case no. _____ |
| ) | |
| Movants.   ) | |

## CREDITOR KRUSES' COMPLAINT & OBJECTION TO DEBTOR'S DISCHARGE OF KRUSE CLAIM

COMES NOW the Movants, Russell J. Kruse and Beth A. Kruse, by and through their attorney, Russell J. Kruse of The Kruse Law Firm, LLC, and for their Complaint and Objection To Debtor's Discharge of Kruse Claim, state as follows:

1. This honorable court has jurisdiction to hear this matter under 28 U.S.C. §1334(b), 28 U.S.C. §157, and U.S. District Court, Western District of Missouri Local Rule 3.2(a)1(a).

2. This chapter 7 bankruptcy case is pending in the United States Bankruptcy Court for the Western District of Missouri, Western Division, at Kansas City, MO.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(A, I, and O).

4. Cynthia Marie Murray (Debtor) is a resident of Concordia, Lafayette County, Missouri at all times mentioned herein, and is the debtor in the above captioned chapter 7 case.

5. Russell J. Kruse and Beth A. Kruse (Creditors) are creditors of Cynthia Marie Murray, and are residents of Concordia, Lafayette County, Missouri.

6. On or about September 7, 2005, Cynthia Marie Murray filed a Chapter 13 Petition for Relief in this court under case number 05-46362-drd, hereinafter referred to as

"prior case."

7. Debtor listed and scheduled a disputed debt to Russell J. Kruse and Beth A. Kruse in Debtor's prior case.

8. Creditors Russell J. Kruse and Beth A. Kruse filed a proof of claim based upon fraud as stated on the face of the claim, in the sum of $213,670.33, claim no. 16, in Debtor's prior case.

9. Debtor filed an objection to the Creditors' claim, in Debtor's prior case.

10. The court set the Creditors' claim for a hearing, and the Creditors' commenced discovery upon the Debtor concerning the Creditors' claim, in Debtor's prior case.

11. Debtor did not comply with certain of Creditors' discovery requests. Creditors' filed a motion to compel compliance, and such was set for a hearing, in Debtor's prior case.

12. Debtor then withdrew her objection to the Creditors' claim, thereby mooting the pending discovery motion, in Debtor's prior case.

13. Creditors filed an Objection to Debtor's discharge in bankruptcy in Debtor's prior case under 11 U.S.C. 727.

14. Creditors commenced discovery upon their aforesaid Objection to Chapter 13 Plan in Debtor's prior case, which sought, among other things, the production of certain documents.

15. Debtor failed to comply with the Creditors' requested discovery relating to the production of certain documents in reference to the Creditors' Objection to Chapter 13 Plan, in Debtor's prior case.

16. This court ordered the Debtor to comply with discovery requests and to produce certain documents, twice, in response to the Creditors' motions to compel and for

sanctions, in Debtor's prior case.

17. Creditors filed a Motion to Dismiss Debtor's first case, for failure to obey the lawful orders of the court to comply with discovery, including production of certain documents.

18. On or about March 23, 2007, this court heard Creditors' Motion to Dismiss Debtor's first case, and entered an order dismissing case 05-46362-drd for failure to obey a lawful order of the court to comply with discovery, including production of documents, relating to a pending objection to the discharge.

19. Debtor was thus denied a discharge of the Creditors' undisputed claim in Debtor's prior case.

20. Debtor filed another petition for bankruptcy relief in this court under chapter 13, on March 11, 2008, which the court allowed the Debtor to voluntarily convert to a chapter 7 case on or about May 28, 2008.

21. Creditors filed proof of claim #4 for $278,219.05 in the above captioned case, based on the same facts as the same claim they filed in Debtor's prior case, which includes additional statutory interest since the previous case filing date.  Said claim #4 is incorporated herein by reference as if set forth herein verbatim.

22. Creditors' claim in both bankruptcy cases is based on the same facts and circumstances.

23. Creditors' claim in both cases arises from Debtor's actual fraud.

24. The Debtor should be denied a discharge of the Creditors' claim under 11 U.S.C. 523(a)(2)(A), because such debt was incurred under false pretenses, false representations, and actual fraud which did not involve the Debtor's financial condition.

25. The Debtor should be denied a discharge of the Creditors' claim under 11 U.S.C. 523(a)(10) because such debt was listed and scheduled by the Debtor in her above stated prior case in which the Debtor was denied discharge under 11 U.S.C. 727(a)(6)(A) for failure to obey a lawful order of the court to produce documents.

.    26. The Debtor should be denied a discharge of the Creditors' claim under 11 U.S.C. 523(a)(4) for embezzlement in that the Debtor did not in fact pay construction sub-contractors and suppliers as represented, and instead procured and used said funds that were to pay such bills, for her own use, and through conspiracy with her husband to do such improper actions for either or both of their use.

27. The Debtor should be denied a discharge of the Creditors' claim under 11 U.S.C. 523(a)(6) for willful and malicious injury to said creditors through such fraud and embezzlement of creditors' funds,  and through conspiracy with her husband to do such improper actions for either or both of their use, and by failing to complete the creditors' construction project.

28. For the aforesaid reasons, Debtor's debt to the Creditors is not dischargeable in bankruptcy.

WHEREFORE, Creditors Kruse object to the discharge of Debtor Cynthia Marie Murray's debt of $278,219.05 to the Kruses, for their costs incurred herein, and for such other and further relief as is just and proper.

Respectfully Submitted,

The Kruse Law Firm, LLC


By: _____Russell J. Kruse_____
Russell J. Kruse, #33827
548 South Main Street
P.O. Box 125
Concordia, MO  64020-0125
Telephone: (660) 463-2221
Fax: (660) 463-6000

Attorney for creditors Kruse


CERTIFICATE OF SERVICE

The undersigned certifies that a complete copy of this instrument was served upon the attorneys of record for the Debtor and for the Trustee in the above captioned action via electronic mail to said attorneys as disclosed to the bankruptcy court and to interested parties who lack electronic delivery by addressing such to the parties or their attorneys of record when such exist, and by mailing the same by U.S. mail, first class postage prepaid, on the 8th day of September, 2008.


BY: ___RUSSELL J. KRUSE_____